UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

SUSAN ILENE ROSENBAUM,

                    Plaintiff,

        v.                                          DECISION AND ORDER
                                                         11-CV–890

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,[1]

                    Defendant.

═══════════════════════════════

        The instant case involves the appeal of a final determination by the

Commissioner of Social Security ("Commissioner" or "defendant") that plaintiff is

not disabled and therefore not entitled to disability benefits and/or Supplemental

Security Income Benefits.  The action has been brought pursuant to Section

405(g) of Title 42 of the United States Code and was referred to Magistrate Judge

Hugh B. Scott in accordance with Section 636(b)(1) of Title 28 of the United

States Code.

        Plaintiff's application for social security benefits was denied initially and on

reconsideration.  She then appeared before an administrative law judge who,

after a *de novo* review of the record, found that plaintiff was not disabled within

───────────────────

        [1]As set forth in defendant's response, Carolyn W. Colvin became the Acting
Commissioner of Social Security on February 14, 2013.  Thus, Carolyn W. Colvin has
been substituted for the original defendant in this matter, Michael J. Astrue, pursuant to
Rule 25(d) of the Federal Rules of Civil Procedure.

the meaning of the Social Security Act.  Plaintiff then commenced the present

action, and both plaintiff and the Commissioner subsequently moved for judgment

on the pleadings.  (Dkt. Nos. 10 and 12)

Magistrate Judge Scott issued a Report and Recommendation

recommending that defendant's motion for judgment on the pleadings be granted

and that plaintiff's motion for the same relief be denied.  (Dkt. No. 18)

Specifically, the Magistrate recommended affirming the Commissioner's final

determination that plaintiff was not disabled under the Social Security Act and

dismissing plaintiff's complaint in its entirety.  *Id*.  Plaintiff filed objections to the

Report and Recommendation and defendant filed a reply.  (Dkt. Nos. 22 and 23)

The Court considered the matter submitted.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo*

determination of those portions of the Report and Recommendation to which

objections have been made.[2]  Upon *de novo* review, and after reviewing the

parties' submissions, the Court hereby adopts Magistrate Judge Scott's

recommendation to grant defendant's motion for judgment on the pleadings, deny

---

[2]  In her response, the Commissioner argues that because plaintiff makes only "frivolous, conclusive, and general" objections, this Court should review the Report and Recommendation for clear error only.  *Dambrowski v. Astrue*, 590 F. Supp.2d 579, 581 (SDNY 2008).  However, the Court finds that plaintiff did specifically object to the Magistrate's assessment of her credibility, his conclusions regarding the expert testimony of Dr. Andrews, and his determinations regarding the severity of her impairments.  Thus, the Court considers those portions of the Report and Recommendation in accordance with the *de novo* standard of review.

plaintiff's motion for judgment on the pleadings and dismiss plaintiff's complaint.

Accordingly, for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, defendant's motion for judgment on the pleadings is granted, plaintiff's motion for judgment on the pleadings in denied, and plaintiff's complaint is dismissed.

The Clerk of the Court is directed to close the case.


SO ORDERED.


_s/ Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 16, 2013